717 So.2d 585 (1998)
Kenneth C. JENNE, II, as Sheriff of Broward County, Florida, Appellant,
v.
BROWARD SERVICE CENTER, INC., a Florida corporation, Appellee.
No. 97-0609.
District Court of Appeal of Florida, Fourth District.
August 26, 1998.
Carlos M. Llorente of Carlos M. Llorente, P.A., Fort Lauderdale, for appellant.
Romney C. Rogers of Rogers, Morris & Ziegler, Fort Lauderdale, for appellee.
PER CURIAM.
The Sheriff of Broward County ("sheriff") appeals a final judgment of damages for breach of contract in favor of the Broward Service Center ("service center"). The sheriff argues that a minimum labor hour provision in the contract is void as against public policy. We affirm.
In 1991, a former sheriff contracted with the service center to perform repairs and maintenance on the sheriff's fleet of police cars, trucks, and vans. The purpose behind privatizing the sheriff's service center was to reduce costs and improve efficiency and quality of vehicle maintenance. In 1994, another former sheriff terminated the contract without explanation and refused to pay $186,237.32 owed under a minimum labor hour provision. This contract provision guaranteed that the sheriff would pay the service center a minimum of 300 hours of labor a week regardless of the actual number of hours worked.
The sheriff contends that the minimum labor hour provision served a purely private interest because it compensated a private entity with public funds for work that was never actually performed. He argues that the contract therefore contravenes the public interest. However, it is clear that the purpose of the provision was to compensate the service center for the time its technicians spent waiting for work, so that the service center would be able to meet its costs. In other words, the provision compensated the service center for the opportunity cost of exclusively serving the repair and maintenance needs of the sheriff. Moreover, although the provision may have provided an incidental benefit to the service center, the paramount purpose of privatization was to serve the public interest. See generally Poe *586 v. Hillsborough County, 695 So.2d 672, 677 (Fla.1997) ("An incidental use or benefit which may be of some private benefit is not the proper test in determining whether or not the project is for a public purpose.") (quoting State v. Daytona Beach Racing & Recreational Facilities Dist., 89 So.2d 34 (Fla.1956)).
We also affirm as to the sheriff's assertion that the trial court was required to determine as a matter of law that the service center made fraudulent misrepresentations. Whether a party has made fraudulent misrepresentations is a question for the jury. See Casey v. Welch, 50 So.2d 124, 124-25 (Fla.1951). As to all other issues raised, we also affirm.
STONE, C.J., and FARMER and STEVENSON, JJ., concur.